Good morning, your honors, and may it please the court. My name is Madison Bathke, and I represent the appellant Jasmine Sanchez. I would like to reserve one minute for rebuttal. This case arises from serious civil rights allegations. Mr. Sanchez alleged that a correctional officer broke his arm in four places, and that prison staff then denied him medical care. The district court screened his complaint and determined that he had stated colorable claims, claims serious enough to proceed on excessive force, deliberate indifference, and retaliation. Yet before those claims were ever heard on the merits, they were dismissed with prejudice, not at the request of defendants, not after repeated misconduct, but sua sponte, after a single missed case management conference at the very outset of his case. How many strikes did your client have going into this case? I believe that my client had four strikes heading into this case, but it was properly screened by the district court. The reason that Mr. Sanchez missed that conference makes the dismissal all the more troubling. Critically, the night before the case management conference, a prison guard told Mr. Sanchez that he would die if he attended. Well, that's what he said. Correct. I mean, that that's what he said. And the magistrate judge heard from him. Right. Right. And the magistrate judge heard from the correctional officers. Correct. Correct. And the magistrate judge heard from your client at the hearing, saying that with regard to the correctional officers, he was considering homicide. Right. He did say that. And the magistrate judge made a finding that he believed your client was not telling the truth. Right. Correct. Was that a finding the magistrate judge was entitled to make? It was certainly a finding that the magistrate was entitled to make. But the district court, because the because the magistrate recommended dismissal with prejudice, the district court was required to conduct a de novo review of that determination and consider all of them. So counsel counsel, what sanctions do you think the magistrate judge should have imposed for your client missing the case management conference, if any? I mean, there were certainly other options. He could have given him a reprimand, a simple warning, a conditional order, perhaps to get counsel before continuing with the case. But the important thing to consider here is the fact that the fifth Malone factor focuses on whether the court explored less drastic sanctions before dismissal. And here it didn't. The availability of those lesser sanctions were never legitimately considered. Mr. Sanchez was never warned that dismissal was a possibility. The court. But the court found that less drastic sanctions would not have the appropriate effect here with regard to your client who had four strikes. They didn't mention the homicide threat, but it's there on the record. And the magistrate judge finding that your client totally made up this story about people about officers threatening to kill him when, in fact, he simply refused to go to the hearing. So how is that abusing discretion? Well, the district court was required, regardless of those credibility findings, that the credibility determination doesn't move the needle on the Malone factors. So regardless of the credibility determination that the magistrate judge made, the district court was still required to go back and conduct a de novo review of the record, even though even though he your client did not file something denominated an objection to the R&R. It's our position that my client did file objections to the R&R. Is this in the document where he said the magistrate judge was trying to ensure his death and must be related to the defendants? Certainly, that is one of the filings that we think constitute an objection, especially under the Supreme Court's precedent in Castro and the Ninth Circuit's precedent in Mayshack, where pro se inmates are supposed to be afforded significant leeway when having their filings construed. Here, before the 14-day deadline, Mr. Sanchez submitted three separate filings that served the same function. They contested the recommendation of dismissal, specifically the harshness of the sanction and the underlying credibility determination that led the magistrate to even consider a sanction in the first place. Counsel, what in your view are the factors that would suggest that if a de novo review had been performed, that the outcome would have been any different? And I mean, does that matter? Does that matter here, whether we think the outcome would have been the same? Yes, Your Honor. Certainly, factor five, the availability of less drastic sanctions, which I already touched on. Because the court never considered those lesser sanctions and because its reasoning was rather circular, this factor weighs strongly against dismissal. And then moving to factor three, the risk of prejudice to defendants. Here, there was absolutely none. Prejudice under Adriana International requires that the plaintiff's actions impair the defendant's ability to go to trial. And the court specifically stated that delay alone is not enough. Here, Mr. Sanchez missed a single telephonic case management conference at the very start of his case. Defendants had to attend that conference, lasted about seven minutes, and they had to attend a 20-minute show cause hearing. Had there been any discovery conducted at that point? No. And the case management conference was, what was it, about a month after the service of the complaints on the defendants? I believe so. I'm not quite certain on the timing, but I think it was. So fairly early in the process. Correct. And Judge Denny mentioned, you know, memory loss and availability of witnesses as factors in the prejudice analysis. How would you, what would you respond to that? I think that the memory loss, in our view, the memory loss argument doesn't have any merit here because all of the evidence that was available is in, because our client is in custody. All of the evidence in the case is in NDOC's custody and it's probably not going anywhere. If there was a risk of prejudice based on that, the evidence going missing, it would be in NDOC's control and NDOC's custody and NDOC would be responsible for that evidence. Is there, in your view, any sanction that the district court could have imposed on your client for what the district court found was lying to the court about the reason he had missed the hearing and accusing, according to the district court, by lies, serious criminal conduct on the part of correction officers? Is there any sanction that the district court could have imposed for that?  What, for example? I believe that an admonishment would have had an effect. Don't lie anymore? I think that, well, based on the fact that Mr. Sanchez then filed subsequent filings that corroborated his previous testimony that the correctional officers were threatening him, had destroyed his property, etc. I just think even if we take all of those credibility determinations, declining to consider less drastic sanctions simply because a litigant is incarcerated would mean that no prisoner could ever qualify for a lesser sanction. That approach would effectively write the fifth Malone factor out of the analysis whenever a prisoner is involved and I don't believe that's the precedent that this circuit intends to adopt. Can I ask this? He works, you know, Sanchez works and receives wages. What about having to cover costs or a fee or a fine from the court? Was that an available sanction? It certainly was, and it was not actually considered by the magistrate judge, and that's our position on this appeal, is that a similar, lesser sanction, the availability of lesser sanctions should have been considered, and they just simply were not. Can I ask this? You know, earlier you said that the magistrate was entitled to make these discretionary, these credibility findings in this sort of impromptu hearing or calling of witnesses. One of those witnesses is an actual party in the case. Lieutenant. I'm sorry. Can you remind me the name of Lieutenant Rigney? Lieutenant Rigney. What do you have any? He's being called as a person to testify as to the credibility of Sanchez over the failure to attend the CMC, but he's a party in the case. Was there any problem with that in your view? Certainly, and I think I see that I'm running up on my time. Do you care if I briefly conclude or briefly answer and then conclude? I certainly think that that was an odd choice because they were asking the defendant of the very person, the father of the very person that broke Mr. Sanchez's arm in the underlying case, and I think that the magistrate's words were, did you hear yourself threaten Mr. Sanchez? And that was the end of the inquiry. It ended right there. That was the credibility determination that the magistrate relied on in order to say that Mr. Sanchez was not credible. The district court itself found Mr. Sanchez's claims to be colorable, and he deserves a chance to prove them on the merits, so we respectfully ask this court to reverse and remand so that his claims can be heard. Thank you. Thank you. Thank you, Your Honors. I'd like to thank the court for allowing me to present my argument on behalf of Pelley's defendants. My name is Chris Davis. First, I want to clarify, I guess, what appears to be a misconception. Lieutenant Rigney is not a defendant in this case. He's not a defendant. No. Chet Rigney, Officer Chet Rigney, is a defendant in this case. Lieutenant Rigney, who is his father, as she correctly identified, is not a defendant in this case. I understand the defendants to be Chet Rigney, Lieutenant Curtis Rigney, Warden William Rupert, Warden David Drummond, and Associate Warden Tashina Cook, and Dr. Jerome Hicks. Is that incorrect? Those are the defendants in this case. Oh, sorry. I guess I misspoke. Okay. It's been a while. So let's get on with this question.  Why would it have been appropriate, if he's saying his wife has threatened to attend the CMC, the case management conference, is it fine for the magistrate to have called a party as a witness in this credibility determination when the claims seem to go into the litigation itself that St. Justice is filing against these defendants? Well, but he was an eyewitness to the proceedings that Chet Rigney, that he went down to the proceedings to get Mr. Sanchez and bring him to the case management conference. And so, therefore, he had to be called. But there was another non-party witness that was there.  That was able to testify. You know, the court would want to have all the witnesses that were there that had testimony to provide. I don't think you say, well, we're going to exclude somebody because they're a part of the case. Because clearly, even though a part of the case, you're entitled to testify at trial. Well, to me, it seems to call into question whether the magistrate's impromptu hearing might usurp what might be tribal issues at trial if this were to go forward. Well, except for they weren't testifying about the things that happened in the past. They were only testifying about things that happened with respect to why Mr. Sanchez refused to come to the case management conference. As I understand the transcript, the question, the fact question the magistrate judge was dealing with was, did the plaintiff simply refuse to come? Or did the officers threaten to kill him if he came? And the people who testified were people who were eyewitnesses, including the plaintiff. I don't know that the plaintiff was under oath, but they all described what happened. And in fact, so I guess that's a good point, that taking that same issue, then that would disqualify Mr. Sanchez from testifying at the hearing for the same reason. But on a different, moving to a different topic, why would the district court have acted appropriately here, in your view, without having considered a less drastic as opposed to the most drastic sanction? You mean as far as the... Dismissal with prejudice. As far as the... As far as you mean the magistrate judge? Magistrate judge and then the district court adopting the R&R. Well, if you go to the West Pacific Court, this court held that the time and money spent in preparation... Sorry, that's the wrong one. Well, and if I might add on to that question as it's related, not only was this sort of the most drastic sanction, but as if I understand the record correctly, there was no warning. Well, okay, and so let me get to that. The magistrate judge, not only did Adondo Sanchez willfully disobey the district court's order, he lied. And that's a sanction that cannot be contradicted because it's not clearly erroneous, which cast doubt not only on his integrity and willfulness to follow this court orders and pursue litigation in a fair and reasonable manner as set forth in Valley Engineers, that's this court's holding in Valley Engineers, opposing that counsel doesn't contest. The magistrate judge, again, outlined possible lesser sanctions at which the court has gone through and properly found that no lesser sanction would deter Sanchez from willfully disobeying court's future orders, which finding is conclusive because it is not clearly erroneous again. And that's the moment... What here tells us that there... Counsel, what here tells us that there was a serious consideration of whether less drastic sanctions might serve? Yes, and that's it. The magistrate judge outlined each and every one of the possible sanctions that this... In fact, the court has gone through all these sanctions that he said none of these sanctions could go through. If you're... I can go through all the 18 findings of the magistrate judge with this court. It seems that they're fairly familiar, but the court has gone through and says he went through that... He consistently went through... He says... You're talking about ER-42? What? ER-42. ER-42, right. No sanction less drastic than dismissal would be effective. And so payment of defendant's fees and costs is expensive. Preparing for attending the case management conference and show court's orders is not practicable. In other words, he doesn't have any money to pay any monetary sanctions. Can I ask about that? Counsel, your friend on the other side raises the point that if that were the case, that would wipe out prejudice analysis for any incarcerated person who's indigent. He receives minimum wages. Why wouldn't a sanction of covering court costs or some other fine have been an available lesser sanction? Because... Well, if you go through the record also, you can look at Mr. Sanchez's 10 cases where he's a repeated filer. And you notice that he says several strikes on his record. And so he doesn't have any money. The court's recognizing that he just has this... Is that in the record somewhere? What? That he doesn't have any money? Is that in the record? Well, that's because... That's the reason why he's... But my question is, he receives wages. He's got a... You know, he may or may not have any money. But I don't see Judge Denny inquiring as to whether there's an available sanction. He just kind of took it for granted that because he's indigent pro se, a lesser sanction of a fine or covering court costs would not be available. But the thing is, Your Honor, that I think that that's enough evidence for the record to support his findings. And that's the thing. You've got to make sure that... You've got to say that we would have to make a determination or the district court would have had to make a determination that this was clearly erroneous. But he didn't make a finding that there was no money here. So we're reviewing the prejudice analysis under an abusive discretion standard. So we're not dealing with clear error here. We're dealing with the magistrate's determination that there was not a lesser sanction, which the district court adopted. And, Your Honor, I would respectfully disagree that it's not an abusive discretion standard. Because there are no objections in the record, as the court's already identified. There are no... But, Counsel, I don't think that that's correct. I think that there were objections to the recommendations here. I mean, I'm looking at ER 31 to 32. And, you know, he says, Mr. Sanchez, says here that Judge Denny is trying to ensure my death by trying to dismiss my case, knowing that my life is in danger. So, I mean, the Supreme Court has said that we have to liberally construe documents filed by a pro se litigant. That's what we have here. I don't see why the language that I cited isn't an objection to the suggestion that the case should be dismissed. First of all, you have to go through and you have to look at the title of the document. Because the title of the document says he wants a video. Okay, that's normally a motion that would be handled by a magistrate judge, not the thing. What you're asking then, okay, what you're asking the district court to do is that it needs to analyze every filing. And in lots of these cases, and especially in Mr. Sanchez's case, that he's a repeated serial filer. And so he wants to go through these things with a fine tooth comb and go through it and say, hey, geez, there's a line in here that may possibly be an objection. I'm going to construe this as an objection. So your argument is that the district court wasn't required to read these laborious filings from Sanchez? No, especially when Mr. Sanchez was specifically instructed on how to file an objection. He was specifically given specific instructions on how to do this. And the title of this was essentially, I want a video. That's right. I want a video. So it can't possibly. And then again, it's in the, for example, in the Simpson case. So can I just ask, so then you're resting on the, because the caption did not say objections to the R&Rs, that's dispositive? Not only that, but in each of these filings, Sanchez never disputed any of the findings of the magistrate judge. He never, including the finding that Sanchez had lied. He never mentioned any factors analyzed by the magistrate judge. Much less dispute that the magistrate judge erred in his legal analysis and never disputed any of the four factors. He's saying that Judge Denny doesn't believe him and that Judge Denny is helping put his life in danger. I mean, and he's calling out Judge Denny by name in the filing. Why isn't that a, how do we give liberal construction to a pro se filing? It sounds as if you are suggesting that we don't give a liberal construction to a pro se filing. No, but even liberal construed, it has to reasonably apprise the district court that the magistrate ruling is being contested. Nothing in his ruling says that he's contesting the actual dismissal. He doesn't mention that he's being contesting the actual dismissal at all. And that's the Simpson case. And that was a pro se. But, but, but counsel, again, again, I mean, the filing refers to the dismissal. It says essentially that his life is being threatened by by the dismissal. I mean, I share Judge Sanchez's question. What else can we can we require if we're supposed to liberally construe these these documents? Well, I respectfully disagree. Well, that's what I'm saying. What could he expect is something that's entitled objection, especially when the magistrate judges have told you this is how you do it. I mean, it's not like it's kind of like the motions for summary judgment. You know, they tell them how to go out and what they need to do to oppose a motion for summary judgment. They give them that notice. Well, that's not even required in these particular instances. But our magistrate judge went out of his way to make sure Mr. Sanchez knew how to do this. Can I ask this? Why wouldn't a warning have been a lesser sanction that was available when when Judge Denny warned Sanchez that if you don't appear at the order to show cause hearing, I may recommend dismissal this case. And he showed up. So that warning seemed to have worked. There was no warning, as Judge Thomas pointed out, that if he did not show up at the initial case management conference, the case might be dismissed. Let me talk about it. But if the record indicates that a warning was effective in one instance, why wouldn't it have been effective here as a lesser sanction? Because as what? Because Mr. Sanchez's willful disobedience and misrepresentation arguably. But he didn't willfully disobey showing up at the show cause hearing. Yeah, but it's not that it's I don't think this would have happened. I don't know. Well, I can't tell you what would happen. But the overriding consideration is, is he lied that there's no way that I think Judge Denny was confronted with. This is going to be a case where he's going to consistently do this and consistently lie throughout these proceedings. And I think that's a reasonable inference to make from from his from this outrageous lie. And it is. This court has to. That's a conclusive finding that it's an outrageous lie. Conclusive as to what? It would be conclusive. He lied about that. He's the officer that threatened his life. That's a lie. And this under Judge Denny's finding that you get that this court has to adopt. So that's the thing that this court has to go under. The district court would have to be the Sussex because it's a credibility determination. All right. We thank counsel for their argument and we'll give you two minutes for rebuttal. Thank you, your honors. I just want to briefly touch on the argument that my friend on the other side made about the title of the document. The Supreme Court in Castro emphasized that courts can ignore the legal label that pro se litigants use and they have to construe their filings by substance. And then this circuit in Mayshack extended that principle in the prisoner context, requiring liberal construction of pro se inmate filings. So his argument that there was no appropriate title doesn't have any merit here. So what if we do that? What what specifically did he challenge? He he certainly even if we do that, he certainly made a challenge that the magistrate judge who might be related to the defendants was prejudiced. Anything else? He specifically challenged or contested the harshness of the sanction dismissal of prejudice and the underlying credibility determination that led the magistrate to even consider sanctions to begin with. And it's our position that the district court was required to take those three filings that Mr. Sanchez made within that 14 day window, construe them as objections, conduct a de novo review and then apply them alone. Factors dismissal with prejudice is the civil death penalty. If it stands here after one missed case management conference under a credible threat to his life with no warning and no lesser sanction, it sends a dangerous message that prison officials can extinguish civil rights claims simply by making inmates too afraid to appear. That is not justice and it is not the law of this circuit. We respectfully ask this court to reverse and remand so that Mr. Sanchez's civil rights claims can be heard on their merits. Thank you. Thank you. We thank counsel for their arguments and the case just argued is submitted.
judges: BENNETT, SANCHEZ, THOMAS